UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| THOMAS RICHARD HALKETT, on behalf of E.H., a minor, <br><br> Plaintiff <br><br> v. <br><br> FIREMAN'S FUND INS. CO., et al., <br><br> Defendants | )<br>)<br>)<br>)<br>)<br>)   Civil No. 05-110-B-C<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION**

Mary Cox Golden, Executrix of the Estate of Herbert L. Golden, moves for a dismissal of this action for lack of personal jurisdiction. This case, as it pertains to Herbert Golden, is a negligence action. (Pl.'s Compl. ¶¶ 8-10.) The Complaint is based upon an automobile accident that occurred in the Nation of Jamaica on March 2, 2000, in which E.H., Mary Golden's grandson, was injured while traveling as a passenger in a vehicle operated by Golden's now deceased husband, Herbert L. Golden. I recommend that the court grant the motion.

**Jurisdictional Facts**

When facing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that personal jurisdiction is proper. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). When an evidentiary hearing is not held to determine whether personal jurisdiction exists, the plaintiff must make a prima facie showing of jurisdiction by "citing to specific evidence in the record that, 'if credited, is enough to support findings of all facts essential to personal jurisdiction.'" Snell v. Bob Fisher Enter., Inc., 115 F. Supp.2d 17, 20 (D. Me. 2000) (quoting Boit v. Gar-Tec

Prod., 967 F.2d 671, 675 (1st Cir. 1992)).  When determining whether the plaintiff has made the requisite prima facie showing, the court considers the pleadings, affidavits, and exhibits filed by the parties.  Snell, 115 F. Supp.2d at 20.  For purposes of such a review, plaintiff's properly supported proffers of evidence are accepted as true and evidentiary disputes are resolved in favor of the plaintiff.  However, unsupported allegations in the pleadings need not be credited.  Id.

The relevant record for the jurisdictional question consists of the First Amended Complaint (Docket No. 25), the Affidavit of Mary Cox Golden (Docket No. 28, Ex. 1), and the Affidavit of Thomas Richard Halkett (Docket No. 30, Ex. 1).  The First Amended Complaint establishes that E.H.'s claim against Golden is a common law claim for negligence that is based on a motor vehicle accident that occurred in the Nation of Jamaica on March 2, 2000.  The First Amended Complaint also establishes that Mary Cox Golden, Herbert Golden's widow, is a resident of Laurel, New York, and that E.H. is a resident of Washington County, Maine.  It contains no facts pertinent to personal jurisdiction over Herbert Golden.

Absent from the record is any indication that Herbert Golden ever owned property in Maine or conducted any business transactions in the state.  According to the undisputed facts in the Mary Golden affidavit, Herbert Golden lived in New York since 1980, met Mary Golden in 1998 and married her the following year.  There is no factual allegation that Herbert Golden's estate has been probated in Maine or contains any Maine property.  Supplementing this sparse factual record, plaintiff's affidavit reveals that Mary Golden is E.H.'s grandmother and that she owned property in Maine until approximately 2004.  She and Herbert Golden traveled to Maine every summer beginning in 1998 or 1999 and stayed between two and four weeks.  Mary Golden hired local people to maintain her property and handle her legal affairs.

During the summer visit of 1999, E.H. and his older brother Rowland began discussing with Mary and Herbert the prospect of a trip to Jamaica planned for the late winter of 2000. In the winter of 1999 Mary and Herbert took Jesse, another of E.H.'s siblings, and another cousin to Jamaica. Mary and Herbert continued planning for Rowland and E.H. to accompany them on the 2000 trip to Jamaica, mostly through phone calls. Ultimately, E.H. and his brother traveled by bus from Bangor, Maine, to New York, where they were met by Herbert and Mary and thereafter went to Jamaica. After the accident E.H. received medical treatment in Jamaica and Florida and has received substantial follow up evaluation and treatment in Maine from 2000 to the present.

## Discussion

To preside over a legal controversy, a court must have "the power to require the parties to obey its decrees," or what the law refers to as "personal jurisdiction." Swiss Am. Bank, 191 F.3d at 35. "The plaintiff bears the burden of proving the court's personal jurisdiction over the defendant." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). In a diversity proceeding, this Court's jurisdiction over parties is coextensive with that of a Maine state court. Id. at 51. Pursuant to Maine's Long Arm Statute, Maine courts can exercise jurisdiction to the full extent authorized by the Due Process Clause. 14 M.R.S.A. § 704-A. When a non-resident defendant engages in "continuous and systematic activity" inside the forum state, a court may exercise jurisdiction over that defendant consistent with the Due Process Clause, even if the claims raised in the case do not arise out of such activity. Daynard, 290 F.3d at 51 (discussing so-called "general jurisdiction"). Jurisdiction based on the defendant's maintenance of "continuous and systematic general business contacts" with the forum is what is meant by the term "general jurisdiction." Helicopteros Nationales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984). As it sounds, the "continuous and systematic" standard "is

considerably more stringent" than the otherwise innocuous sounding "minimum contacts" standard. Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 138 (1st Cir. 2006) (quoting Noonan v. Winston Co., 135 F.3d 85, 93 (1st Cir. 1998) and Glater v. Eli Lilly & Co., 744 F.2d 213, 216 (1st Cir. 1984)). This is so because the implications of general jurisdiction are considerable. An exercise of general jurisdiction over a defendant reflects that the non-resident defendant could be subject to suit in the forum based on potentially any claim brought by potentially any plaintiff. Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999) ("[A] defendant who has maintained a continuous and systematic linkage with the forum state brings himself within the general jurisdiction of that state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum."). Of course, this is only the case where other "gestalt factors," discussed below, would not make the exercise of personal jurisdiction unreasonable.

When a non-resident defendant does not engage in continuous and systematic activity inside the forum state, then jurisdiction depends on whether the non-resident defendant's contacts with the forum (1) sufficiently relate to the plaintiff's claims and (2) reflect a "purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable."[1] United Elec. Radio & Mach. Workers v. 163 Pleasant St. Corp., 987 F.2d 39, 43 (1st Cir. 1993) ("163 Pleasant St. II") (describing so-called "specific jurisdiction"). When a plaintiff succeeds in demonstrating relatedness and purposeful availment, the court's exercise of jurisdiction over the person of the defendant is proper unless the defendant can establish that certain "gestalt factors" would make the exercise of jurisdiction offensive to

---

[1] More precisely, the facts and circumstances of the case must make a defendant "reasonably anticipate being haled into court" in the forum. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

our "traditional notions of fair play and substantial justice." United Elec. Radio & Machine Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1087-88 (1st Cir. 1992) ("163 Pleasant St. I") (listing the five factors)). Alternatively, if the plaintiff's showing on relatedness and purposeful availment is close but non-convincing, a strong showing by the plaintiff on the gestalt factors may tip the scale in favor of exercising jurisdiction over the defendant. Nowak v. Tak How Inv., 94 F.3d 708, 717 (1st Cir. 1996).

Halkett has chosen to forego any argument on the relatedness and purposeful availment components of specific jurisdiction and simply argues that this court can exercise general jurisdiction over Herbert Golden. (Pltf.'s Mem. in Opp. at 2, ("Jurisdiction may be either general or specific. In the present case, the Maine courts have general jurisdiction over Defendant.").) A large portion of Halkett's memorandum is given over to a discussion of Mary Cox Golden's continuous contact with Maine, without regard for the fact that she is a named defendant only in her capacity as the executrix of the estate. The Estate responds that Mrs. Golden's contacts with Maine are irrelevant in determining whether this court would have had general jurisdiction over Herbert Golden.

Traditionally, a personal representative could only be sued in the state in which he or she was appointed. Morel v. Estate of John J. Davidson, 148 F. Supp. 2d 161, 165 (D. R.I. 2001) ("In the past, common law directed that an executor could only be sued in the state in which he was appointed."). The traditional rule "stems from the concept that a decedent's personal representative is a creature of the state which appointed him or her, and, as such, possesses no power to act beyond the creator's boundaries." Martel v. Stafford, 992 F.2d 1244, 1246 (1st Cir. 1993) (affirming dismissal of an action brought against an executor appointed in another forum even though the executor was a resident of the forum in which the action was filed because it

5

was apparent that Massachusetts would not have had jurisdiction over the person of the decedent, or testator, in life). However, as the Martel case acknowledged, that traditional rule is subject to numerous exceptions, the primary one in Massachusetts being when the *decedent* manifested sufficient contacts with Massachusetts to support the exercise of jurisdiction, not merely when the foreign executor is within the physical reach of a process server. Id. Thus, under the Massachusetts rule the amenability of the foreign executor to service and presumably personal jurisdiction in the forum is irrelevant to a determination of whether there is general personal jurisdiction over the decedent's estate. Id. at 1246-47.

Neither party cites any Maine case that differs from the Massachusetts rule and it would appear for all intents and purposes that Maine would look to the decedent's (rather than his executrix's) Maine contacts in determining whether it had general jurisdiction over the decedent's estate.

Thus, the dispositive issue in this motion becomes whether or not Herbert Golden's summer vacation trips to Maine and his spousal relationship with Mary Cox Golden are sufficient to support the claim that a Maine court of general jurisdiction could exercise personal jurisdiction over Golden's estate and still comport with the Due Process Clause of the United States Constitution. I conclude that it could not. In Archibald v. Archibald, 826 F. Supp. 26 (D. Me. 1993), a Maine resident brought a lawsuit against an out-of-state party in federal district court for the District of Maine based upon tortious conduct involving incest and sexual abuse allegedly occurring in Ohio. Id. at 27. In order to establish general jurisdiction over the defendant's person, the plaintiff asserted:

> Defendant has maintained regular contact with Plaintiff at her home in Maine, writing to her approximately twice a month, telephoning her every Sunday afternoon, sending her occasional packages, and visiting her in Maine. It is also

6

alleged that Defendant frequently travels to Maine, taking his annual or bi-annual vacations in this state.

Id. at 28.  This Court held that such contacts did not reach the level of substantiality and regularity necessary to establish general personal jurisdiction.  Id. at 29.[2]  Halkett's showing regarding Herbert Golden's contacts with Maine are no more substantial and regular than were the contacts of the defendant in Archibald.  Accordingly, this Court does not have general personal jurisdiction over the Estate of Herbert Golden.

### Conclusion

Based upon the foregoing, I recommend the court **GRANT** the motion to dismiss. (Docket No. 28).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

Dated:  May 5, 2006

---

[2]  This Court also rejected a claim of specific jurisdiction raised in the Archibald case, although acknowledging that at least part of the emotional distress claim in that complaint arose out of defendant's forum-based activities.  The underlying litigation involved conduct committed in Ohio just as surely as this case stems from conduct in the Nation of Jamaica.